COUNTY OF BURKE, Respondent, v. W. J. GERDING and Fred
Rubow.
W. J. GERDING, Appellant.

(191 N. W. 493.)

**Agriculture — applicant for seed grain held liable on contract with county.**
    Under chapter 13, Laws 1918, as the complaint shows, appellant and his ten-
ant made an application to Burke County for seed grain at a certain price
amounting to $352. The tenant signed the formal contract and at the foot of
the same appellant signed as follows: "As owner of the real estate described
in the above contract I hereby agree to the terms of the same."
    *Held*, that the word terms as here used means conditions and stipulations;
also, an interpretation which gives effect is to be preferred to that which makes
void. He who takes the benefit must bear the burden. As the complaint shows,
appellant has taken the benefit of his application and contract to obtain **the**
seed grain amounting to $352, and of course he must pay for it. Affirmed.

    Opinion filed November 3, 1922. Rehearing denied December 30, 1922.

    Agriculture, 2 C. J. § 3, p. 989, n. 22 New. Contracts, 13 C. J. § 506, p. 539,
n. 12; § 511, p. 540, n. 22. Term or Terms, 38 Cyc. p. 184, n. 36.

    Appeal from the District Court of Burke County, *Moellring,* J.
Affirmed.

*Funke, Campbell & Eide,* for appellants.

    Statutes are to be construed with a view to carrying out the intent
of the legislature. State v. Bickford, 28 N. D. 36; Minot v. Amund-
son, 22 N. D. 236; State v. Kositzky, 38 N. D. 616; State v. Taylor,
33 N. D. 76; Power v. Hamilton, 22 N. D. 177; Cass County v. Nixon,
35 N. D. 601; Murray v. Buttles, 32 N. D. 565; Lee v. Dolen, 34 N. D.
449; Statutes, 25 R. C. L. 216.

    Statutes are to be construed so as to give effect to every part thereof
and not to render parts and portions thereof useless and senseless.   36
Cyc. 1128.

    The terms being ambiguous or uncertain it must be interpreted in
the sense in which the promisor (William J. Gerding) believed at the

    Note.—Ascertainment of intention of legislature primary rule in construction of
statutes, see 25 R. C. L. 960 et seq.; 3 R. C. L. Supp. 1435; 4 R. C. L. Supp.
1611; 5 R. C. L. Supp. 1355.

time of making it that the promisee understood it. Contracts 13 C. J. 482–484; Harney v. Wirtz, 30 N. D. 292.

*A. H. Hanson,* State's Attorney, Burke county, for respondent.

ROBINSON, J.  In this action Burke county recovered a judgment against appellant on a complaint for seed and feed grain sold and delivered pursuant to his written application and pursuant to a written contract under chap. 13, Special Session Laws, 1918. The judgment was given on a general demurrer to the complaint, which contains a copy of the contract. The gist of the complaint is that in March, 1918, the defendants, William J. Gerding and Fred Rubow made application, in writing, to the board of county commissioners of Burke county for aid in procuring seed grain. The application was considered and allowed. The defendants made a written contract agreeing to pay for the grain $352, with interest. The contract recites that in consideration of the delivery of specified seed and feed grain the parties of the first part promise and agree to pay Burke county $352 on October 1, 1918, with interest at 6 per cent from the 1st day of April, 1918, and that this contract shall have the force and effect of a promissory note. (Signed) Fred Rubow.

"As owner of the real estate described in the above contract I hereby agree to the terms of the same.

"(Signed) William J. Gerding."

The contract describes the land on which the grain is to be sowed.

The statute in question is chapter 13, Laws, 1918.

Section 7: This section provides for a written application to be made and filed with the county auditor by persons desiring to avail themselves of the act; and, as alleged in the complaint, defendants duly made such an application and it was allowed by the county commissioners and pursuant to such application the grain was delivered at an agreed price.

Section 9: The contract shall be made in duplicate and shall have the same force and effect as a promissory note. It shall be the duty of the county treasurer to collect said notes as they fall due.

It shall further be the duty of the county treasurer to deliver to the state's attorney a statement of all the contracts which remain unpaid on the first day of January following said year and it shall be the duty

of the state's attorney immediately in behalf of and in the name of said county to commence an action for the placing of such indebtedness in judgment.

Now it must be remembered that appellant signed the application for the seed and feed grain and at the foot of the contract signed by his tenant he did sign thus:

"As owner of the real estate described in the above contract I hereby agree to the terms of the same.

"William J. Gerding."

Pursuant to his written application and his agreement to abide the terms of the contract the grain was delivered to his tenant to be used on the land, and that was in fact a delivery to himself. But the contention of counsel is that by. making the written application and receiving the grain according to the terms of the contract appellant did not oblige himself to pay for the grain and that the sum due should be enforced only as a lien or tax against the land. However, it is conceded that the statute forms a part of the contract or gives a basis for its construction, and so does the formal written application for the grain, and so does the delivery of the grain as requested in the application. Indeed, the statute clearly contemplates and expressly authorizes an action to recover a personal judgment on the contract the same as on a promissory note. The purpose of the statute was to give the county every possible means of collecting the notes or contracts, and for that there was good reason, because it was a poor man's contract. In the application to purchase the grain the parties had to certify that they were unable to procure the necessary seed grain for the current year. The sale of the grain by the county was not made on speculation. The county was not permitted to make the least profit on the purchase and sale of the grain. And it is well known that the lands of those who applied for aid were heavily mortgaged and that was one reason why they could not procure the seed grain without the aid of the county.

The complaint shows a cause of action. It shows a formal written application by appellant for the purchase of the grain, the delivery of the same at a stated price pursuant to the application and a writing whereby appellant agrees to the terms of the contract. Here the word *terms* means conditions and stipulations. Century Dictionary. Inter-

pretation must be reasonable. Comp. Laws, § 7276. An interpretation which gives effect is to be preferred to one that makes void, § 7275. He who takes the benefit must bear the burden, § 7255. Appellant has taken the benefit of the application and contract. He obtained the grain for use on his farm, and of course he must pay for it. That is in accordance with the law and the contract. Judgment affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON and BRONSON, JJ., concur.

GRACE, J. (specially concurring). I am of the opinion that the judgment should be affirmed. The defendants signed the contract upon which the grain was furnished to his tenant and to himself. He agreed in writing to the terms therein stated. The description of the land was in the contract. In these circumstances, we think he became personally liable for the agreed value of the seed purchased.